Dear Judge Perry:
This office is in receipt of your request for an opinion of the Attorney General in regard to various questions that arise in connection with your duties as a Justice of the Peace.
You indicate you retain the original judgment rendered by you in your court and issue certified true copies of that judgment to the parties. The Clerk of Court for St. Bernard Parish refused to record the certified true copy presented to her by the plaintiff which reflected a money judgment you had rendered and issued to the parties. Upon contacting the Clerk of Court you were informed this practice had been going on for sometime, having been instituted by a former District Court Judge in St. Bernard.
You feel it is inappropriate for your original judgment to be relinquished for certified copies to be made by the Clerk of the District Court, and that the Clerk of Court should record certified copies and certified copies should only be issued by you. You take the position the Justice of Peace not only acts as the judge but also the clerk of that court.
Accordingly, you request an opinion from this office on the proper procedure to be followed for filing and issuance of certified copies of judgments from your court.
You further point out that your position as a Justice of the Peace and a practicing attorney has raised ethical questions upon which you would like an opinion from this office. You present the following questions:
 1. Is it ethically permissible for an individual who is a Justice of the Peace and also an attorney, to practice law and represent a litigant in a matter pending before a Justice of the Peace Court, other than the Court in which he was appointed or elected to serve;
 2. Is it ethically permissible for an individual who is a Justice of the Peace in the State of Louisiana and also an attorney, in his practice of law to represent a client at the District Court level in connection with that client's civil claim against the State of Louisiana; and
 3. Is it ethically permissible for an individual who is a Justice of the Peace for a certain parish and also an attorney, in his practice of law to represent a client at the District Court level in connection with that client's civil claim against that same parish where the attorney serves as a Justice of the Peace.
You also request that an opinion be issued in regard to collection of fees in your court. You relate that R.S. 13:2590(B) provides that fifty percent of each fee and deposit collected by a Justice of the Peace for filing and service be retained by the Justice of the Peace and fifty percent be used for expenses of the Constable's office. You indicate the Constable has requested a litigant issue two separate checks with fifty percent of the fee in a check to the Justice of the Peace and the other fifty percent payable to the Constable.
You ask whether or not the request made by the Constable is permissible under R.S. 13:2590 or any other applicable law.
Before answering your questions relative to the proper procedure for the situations presented in regard to filing and obtaining certified copies of judgments from your court, and for payment of fees collected by your court, we would state that the questions presented as to the propriety of your representations as a practicing attorney while holding the position of Justice of the Peace are questions of ethics that should be presented to the Judicial Administrator, and will not be answered by this office.
In Atty. Gen. Op. No. 85-385 this office concluded that judgments rendered by Justices of the Peace are judicial mortgages which may be recorded in parish records. C.C. Art. 3392, now R.S. 9:5212, was quoted as follows:
 In no case can the recorder of mortgages and the parish recorders fulfilling the same duties, refuse or delay the recording of the acts which are presented to them for that purpose, or the delivery of the certificates which are required of them, as hereafter stated.
In Atty. Gen. Op. No. 95-327 this office maintained the recording of "acts" under this provision refers to conventional, judicial or legal mortgages, privileges and donations, and in a broad sense it denotes a document, or formal, solemn writing, embodying a legal attestation that something has been done. It was concluded that "the term act should be construed to include all documents embodying a legal attestation that something has been done, including, but not limited to, conventional, judicial or legal mortgages, privileges and donations."
Pursuant to C.C. Art. 3321 "a copy of a judgment filed to create a judicial mortgage must be certified by the clerk of court that rendered it." In the case of a Justice of the Peace Court, the certification of the judge fulfills this requirement.
Additionally, we note that C.C. Art. 3322 provides a copy of a recorded document may be certified by a recorder of the parish in which it has been recorded and may be filed for recordation in another parish and "recordation of such copy has the same effect as would recordation of the original document." The official comments observe that this Article continues the established principal that the recordation of a certified copy of a document filed in the office of another recorder has the same effect as recording the original, but contemplates that the original document will be filed in some parish where it will be available for inspection as part of the official records of a recorder.
Following the reasoning of these earlier opinions and the statutory provisions, we do not find that the clerk of court can demand the litigant present the original judgment for recordation as long as the original will be available for inspection as part of the official records maintained by the justice of the peace in accordance with C.C.P. Article 4918
in a permanent book.
A solution which may satisfy both you and the clerk of the court for filing of judgments of your court would be duplicate originals, although we find nothing that mandates you do this.
As you note, your inquiry relative to payment of fees is based upon R.S. 13:2590 which sets forth in Paragraph A that "a justice of the peace may demand and receive" the fees as listed thereunder, and Paragraph B then provides as follows:
 Fifty percent of each fee and deposit shall be retained by the justice of the peace for fees and operational expenses of the office and court and fifty percent of the fees and deposits shall be used for fees and operational expenses of the constable's office.
We find under R.S. 13:2590 the legislature has directed that a justice of peace "may demand and receive" the fees as they have prescribed and that fifty percent "shall be retained". There is nothing that says the constable may demand and receive the fee, but simply provides that fifty percent shall be used for fees an operational expenses of the constable's office.
Accordingly, we do not feel the constable may seek to have the litigants issue two checks at the time the fee is paid by a litigant.
We hope this sufficiently answers your legal questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR